# IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **PATRICIA KILBY-ROBB**<br>17001 Summers Lane<br>Baden, MD  20613<br><br>   *Plaintiff*,<br><br>v.<br><br>**ARNE DUNCAN,**<br>**SECRETARY, U.S. DEPARTMENT OF**<br>**EDUCATION**<br>400 Maryland Ave., SW<br>Washington, DC 20202<br><br>   *Defendant*. | Case No.: 1:14-cv-2200<br><br>Jury Trial Demand |

## COMPLAINT

Plaintiff Patricia Kilby-Robb, by and through counsel, hereby files this Complaint for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a*.*, against Defendant Arne Duncan, Secretary, United States Department of Education.

### Jurisdiction and Venue

1. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 42 U.S. C. § 2000e *et seq.,* and 29 U.S.C. § 633a.

2. Plaintiff has exhausted all administrative remedies prior to filing suit.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district and Defendant may be found in this judicial district.

## Parties

4. Plaintiff Patricia Kilby-Robb (hereinafter "Plaintiff" or "Kilby-Robb") is an African American female and was sixty-two (62) years old at the time of the events giving rise to this Complaint.

5. Defendant Arne Duncan (hereinafter "Defendant" or the "Agency") is the Secretary of the Department of the Education, an administrative agency of the United States government, and an "employer" within the meaning of the statutes under which Plaintiff brings her claims.

## Factual Allegations

6. At the times relevant to this Complaint, Patricia Kilby-Robb (DOB March 1948) was an Education Program Specialist, GS-13, Step 10, at the U.S. Department of Education, Office of Innovation and Improvement (OII), Parent Options and Information, Parental Information and Resource Center Program.

7. Prior to the events detailed herein, Plaintiff had filed four complaints of discrimination against the Defendant. One case was closed on September 8, 2005; the second case was closed on April 21, 2010; and the remaining cases were pending before an EEOC administrative judge at the times of the events detailed herein.

8. Scott Pearson (Caucasian, DOB July 1962), Associate Assistant Deputy Secretary and Acting Director of the Charter Schools Program, was Plaintiff's first-level supervisor and had discussed with Plaintiff on at least two occasions her prior EEO activity prior to the events relevant to this Complaint.

9. Margo Anderson (Caucasian, DOB June 1951), Associate Assistant Deputy, was Plaintiff's second-level supervisor at the times relevant to this Complaint, and had been

named as a discriminating official in each of Plaintiff's prior complaints of discrimination.

10. Ms. Kilby-Robb, an African American female (DOB March 1948), is employed as an Education Program Specialist, GS-1720-13, with the Agency in the Office of Innovation and Improvement (OII), Parental Information and Resource Center (PIRC). Ms. Kilby-Robb began her employment with the Agency in June 2000 and with the PIRC in 2002. Ms. Kilby-Robb's current first level supervisor is Dean Kern, Caucasian male, Director of Parent Options and Information. Her second level supervisor is Margo Anderson, Caucasian female, Associate Assistant Deputy Secretary.

11. In October 2008, Ms. Kilby-Robb was issued a "Successful" rating in her performance review. Ms. Kilby-Robb was evaluated by her then-supervisor Steven Brockhouse, Caucasian male, for the 2007-2008 rating period. Mr. Brockhouse stated to Ms. Kilby-Robb that Ms. Anderson did not like her, and that obtaining an "Outstanding" rating was an unobtainable ambition. However, Mr. Brockhouse had informed Ms. Kilby-Robb during her mid-year review that she was doing a perfect job and needed to make no improvements with her work. Mr. Brockhouse issued Ms. Kilby-Robb a rating of "Successful."

12. In January 2009, Mr. Kern provided information for a desk audit of Ms. Kilby-Robb's position. As a GS-1720-13, Ms. Kilby-Robb felt she was performing job duties beyond her job description and the GS-13 level, including being the team lead, national PIRC effort, Contract Officer Representative ("COR"), and point of contact for the PIRC program and representing the Agency at national events. Mr. Kern stated to the auditor that Ms. Kilby-Robb did not travel and give speeches on behalf of the Agency, performed

merely technical duties as COR, and was not the government's representative. He also informed the auditor that Ms. Kilby-Robb had previously filed an EEO complaint against the Agency in which Margo Anderson had been named as a discriminating official. As a result, Ms. Kilby-Robb's position was not re-graded. When Ms. Kilby-Robb appealed the determination, Mr. Kern retaliated against her by taking away all her duties and responsibilities, including her national PIRC and COR duties.

13. In January 2009, Mr. Kern began removing all of Ms. Kilby-Robb's COR duties and national PIRC expert duties, without any authorization to do so, performing the duties himself initially until eventually turning them over Anna Hinton, African American female, under 40, in April 2009. Ms. Kilby-Robb had been appointed by the Agency to serve as the COR, and Mr. Kern's appropriation of these duties was a violation of federal law.

14. In February 2009, Mr. Kern accused Ms. Kilby-Robb in a meeting with Employee Relations and a union representative of violating agency regulations in the development of the PIRC annual performance report and of interacting with the Office of Inspector General in violation of law and regulation. These accusations were blatantly manufactured and deliberately made to harass Ms. Kilby-Robb and impinge upon her ability to perform her job duties.

15. Ms. Kilby-Robb applied for a position as Education Program Specialist, GS-1720-14 (VAN OII-2009-0001). Ms. Kilby-Robb is a PhD candidate in both education and psychology, she has ten years of teaching experience, twenty years of experience as a school principal, and worked with the Agency since 2000. Ms. Kilby-Robb scored the highest of all the applicants for the position. The candidates with the top three scores

were interviewed, and Jill Staton, Caucasian female, was selected. Ms. Staton's qualifications and experience are vastly inferior to those of Ms. Kilby-Robb. She has a college degree, does not have Ms. Kilby-Robb's thirty years of experience in education, and was new to the Agency at the time of her selection. Ms. Kilby-Robb's qualifications were substantially superior to the other candidate, Mr. Lekander, and the ranking of Mr. Lekander above Ms. Kilby-Robb does not comport with his complete lack of experience with the relevant programs and that he did not attempt to learn about these programs in preparing for his interview. The Agency's purported justifications for Ms. Kilby-Robb's non-selection are plainly false. First, the Agency has claimed Ms. Kilby-Robb did not perform in the interview as well as Ms. Staton, but the Agency has not produced the interview notes, and the panelists do not recall the interviews. Second, the Agency has reported two different rankings of the applicants, where Ms. Kilby-Robb was ranked second and third. Third, while the Agency identifies and Ms. Kilby-Robb confirms that there were three interview panelists, one panelist identified a fourth panelist. Finally, Ms. Kilby-Robb was asked follow-up questions after the interview, and there is no evidence that the other applicants were asked follow-up questions.

16. Ms. Kilby-Robb also applied for a position as Supervisory Education Program Specialist, GS-1720-15. The vacancy announcement (VAN OII-2009-0002) however, had been drafted to exclude Plaintiff from consideration, as the position was only opened for internal consideration, thus triggering a time in-grade requirement that Ms. Kilby-Robb could not satisfy.

17. Ms. Kilby-Robb was not selected for positions for which she was the most qualified candidate on three additional occasions. She attempted to apply for the position

of Supervisory Education Program Specialist, GS-1720-14 (VAN OII-2010-0013), but the Agency's electronic EDHIRES system would not accept her application on April 2, 2010. Consequently, she was not considered for the position. In June 2010, Ms. Kilby-Robb was passed over for the position of Supervisory Education Program Specialist, GS-1720-14 (VAN OII-2010-0021), and Beatriz Ceja was selected for the position, despite having inferior qualifications. Finally, Ms. Kilby-Robb applied for the position of Supervisory Management and Program Analyst, GS-15, but the vacancy announcement (VAN OII-2010-0020), had been drafted to exclude her from consideration and had a time in-grade requirement that Ms. Kilby-Robb could not satisfy. As a result, her application was not forwarded to OII for consideration.

**Count I**
**Violation of Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. § 2000e** *et seq.*
*Race Discrimination*

18. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully stated herein.

19. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.

20. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

21. At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

22. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendant knowingly and intentionally subjected Plaintiff to discrimination and created a hostile work environment based on her race by issuing her a lowered performance evaluation; providing false and misleading information on her official Department of Education desk audit review; not selecting her for the positions of Education Program Specialist, GS-1720-14, and Supervisory Education Program Specialist, GS-1720-14; drafting the positions of Supervisory Education Program Specialist, GS-1720-15, and Supervisory Management and Program Analyst, GS-15, to exclude Plaintiff from consideration and not selecting her for this position; interfering with the performance of her duties, including COR duties and national PIRC expert duties; and making false accusations that she violated agency regulations in the development of the PIRC annual performance report and interacted with the Office of Inspector General in violation of law and regulation.

23. As a result of such acts, Plaintiff has suffered damages.

**Count II**
**Violation of Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. § 2000e** *et seq.*
*Retaliation*

24. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully stated herein.

25. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because such individual filed a complaint of discrimination.

26. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

27. At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

28. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq*., Defendant knowingly and intentionally subjected Plaintiff to retaliation and created a hostile work environment because she filed complaints of discrimination by issuing her a lowered performance evaluation; providing false and misleading information on her official Department of Education desk audit review; not selecting her for the positions of Education Program Specialist, GS-1720-14, and Supervisory Education Program Specialist, GS-1720-14; drafting the positions of Supervisory Education Program Specialist, GS-1720-15, and Supervisory Management and Program Analyst, GS-15, to exclude Plaintiff from consideration and not selecting her for this position; interfering with the performance of her duties, including COR duties and national PIRC expert duties; and making false accusations that she violated agency regulations in the development of the PIRC annual performance report and interacted with the Office of Inspector General in violation of law and regulation.

29. As a result of such acts, Plaintiff has suffered damages.

### Count III
### Violation of the Age Discrimination in Employment Act
### 29 U.S.C. § 633a
*Age Discrimination*

30. Plaintiff incorporates by reference paragraphs 1 through 29 as if fully stated herein.

31. The Age Discrimination in Employment Act, 29 U.S.C. § 633a, provides that, in executive agencies of the United States, all personnel actions affecting employees or applicants for employment who are at least 40 years of age shall be free from discrimination based on age.

32. At all pertinent times, the Defendant was an employer subject to provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 633a.

33. At all pertinent times, Plaintiff was an employee entitled to protection under the Age Discrimination in Employment Act, 29 U.S.C. § 633a.

34. In violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a, Defendant knowingly and intentionally subjected Plaintiff to discrimination and created a hostile work environment based on her age by issuing her a lowered performance evaluation; providing false and misleading information on her official Department of Education desk audit review; not selecting her for the positions of Education Program Specialist, GS-1720-14, and Supervisory Education Program Specialist, GS-1720-14; drafting the positions of Supervisory Education Program Specialist, GS-1720-15, and Supervisory Management and Program Analyst, GS-15, to exclude Plaintiff from consideration and not selecting her for this position; interfering with the performance of her duties, including COR duties and national PIRC expert duties; and making false accusations that she violated agency regulations in the development of the PIRC annual performance report and interacted with the Office of Inspector General in violation of law and regulation.

35. As a result of such acts, Plaintiff has suffered damages.

**Prayer for Relief**

Wherefore, Plaintiff prays as follows:

A.  Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Age Discrimination in Employment Act, 29 U.S.C. § 633a;

B.  Enjoin Defendant from discriminating against employees who report discriminatory practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

C.  Award Plaintiff damages, including back pay and front pay and all lost benefits, and compensatory damages for emotional distress and hardship created by the Defendant's discrimination and retaliation;

D.  Award payment of all fees, costs, expenses, including attorneys' fees and expert fees;

E.  Award Plaintiff such other relief as to which she may be deemed entitled.

**Jury Trial Demand**

Plaintiff demands a jury trial on all counts so triable.

                Respectfully submitted,

                */s/*
                David A. Branch #438764
                Law Office of David A. Branch & Associates, PLLC
                1828 L Street NW, Suite 820
                Washington, DC 20036
                (202) 785-2805 phone
                (202) 785-0289 fax
                dablaw@erols.com